ALD-139                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1244
_____

IN RE:  SALLAH HAMAMIN ABDULLA,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to D.C. Civil No. 2:12-cv-02590)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 6, 2014
Before:  RENDELL, FISHER and GREENAWAY, JR., Circuit Judges

(Opinion filed:  February 18, 2014)

_____

OPINION
_____

PER CURIAM

Pro se litigant Sallah Hamamin Abdulla asks us for a writ of mandamus directing

the United States District Court for the Eastern District of Pennsylvania to enter default

judgment against the Embassy of Iraq in Washington, D.C., ("the Embassy") or directing

the District Judge to recuse himself pursuant to 28 U.S.C. § 455(a).  For the following

reasons, we will deny the mandamus petition.

In June 2012, Abdulla filed a complaint in the Eastern District of Pennsylvania, claiming that the Embassy had breached a contract to pay his tuition, health insurance, and living expenses for three years. After the Embassy failed to answer the complaint, Abdulla moved for a default judgment. The District Court denied Abdulla's motion after finding that he had not established his claim by evidence satisfactory to the court, as required by 28 U.S.C. § 1608(e). Abdulla filed a motion for reconsideration, arguing that the District Court had committed legal error, and he provided new evidence. The District Court denied Abdulla's motion and dismissed the case. Abdulla then filed this petition for a writ of mandamus, alleging that District Judge Juan R. Sánchez engaged in improper behavior by finding that Abdulla's academic transcript was not sufficient to establish that the Embassy breached the scholarship contract.

A writ of mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Ct., 426 U.S. 394, 402 (1976). Within the discretion of the issuing court, mandamus traditionally may be "used . . . only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Id. (internal quotation marks omitted). A petitioner must show "no other adequate means to attain the desired relief, and . . . [that his] right to the writ is clear and indisputable.'" See In re Patenaude, 210 F.3d 135, 141 (3d Cir. 2000) (citation omitted). As an initial matter, Abdulla has not shown that he has no other remedy available, as he has not filed a motion in the District Court asking Judge Sánchez to recuse himself. Cf. In re Kensington Int'l Ltd., 353 F.3d 211, 224 (3d Cir. 2003).

However, even if we were to assume that Abdulla had no other adequate means to challenge Judge Sánchez's involvement in his case, he has not shown that he has a clear and indisputable right to the writ. "The test for recusal under 28 U.S.C. § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." Id. at 220. Abdulla's unsupported allegation of improper conduct does not warrant Judge Sánchez's disqualification, as Judge Sánchez's decision to accord weight to all of the evidence that Abdulla had submitted, even if it was not for the purpose that Abdulla intended, does not demonstrate a lack of impartiality. See In re TMI Litig., 193 F.3d 613, 728-29 (3d Cir. 1999). Moreover, Abdulla's disagreement with the legal ruling does not provide a basis for judicial disqualification. See id.

Abdulla also requests that we direct the District Court to enter a default judgment based on the evidence that he submitted. However, he has already sought and been denied that relief by the District Court. To the extent that he disagrees with the District Court's determination, Abdulla may not use a mandamus petition as a substitute for the appeals process. See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006).

Accordingly, we will deny the petition for a writ of mandamus.